UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 24-42219

SILVER LAKE GOLF COURSE, INC.,  Chapter 11

        Debtor.  Judge Thomas J. Tucker
_____/

**ORDER REQUIRING DEBTOR TO AMEND DISCLOSURE STATEMENT**

On July 8, 2024, the Debtor filed a plan and disclosure statement, in a document entitled "Debtor's Combined Chapter 11 Plan and Disclosure Statement" (Docket # 38). The Court cannot yet grant preliminary approval of the disclosure statement contained within this document (the "Disclosure Statement"). The Court notes the following problems (some of which are minor), which the Debtor must correct.

1. In the first sentence on page 1, the Debtor appears to misstate its name, as "Silver Lake Golf Club, Inc.," which it then abbreviates as "SLGC," which abbreviation the Debtor then uses in numerous places throughout the document (on pages 3-7, 9, 12, and 16). According to the bankruptcy petition in this case, the Debtor's name is "Silver Lake Golf Course, Inc." The Debtor must correct this apparent error.

2. It appears that there is a typographical error in the "Preamble" on page 1. The first sentence of the second paragraph of the "Preamble" states: "The goal of developing the real estate was revisited in **2002** once again facing major obstacles." (Bold added.) The year "2002" does not make sense given that the Smith and Daniels families first attempted to develop the property on which the Debtor was operating in 2005. The Debtor must correct this apparent error.

3. In paragraph 9 of the Definitions on page 4, in the definition of "Chapter 11 Case," the Debtor must delete "tje" from the case number.

4. In paragraph 24 of the Definitions on page 6, the Debtor defines the term "First Distribution Date," but then appears never to use that abbreviation in this document. If that is so, the Debtor must delete this definition.

5. In paragraph 29 of the Definitions on page 6, in the definition of "Post-petition Interest," the Debtor uses the term "Commencement Date" as if it were a defined term, but it is not a defined term. The Debtor must correct this problem.

6. In paragraph I.A of the Plan on page 7 and elsewhere (*e.g.*, on page 10), the Debtor uses the term "Secured Claim" as if it were a defined term, but it is not a defined term. The Debtor must correct this problem.

7. In paragraph I.A of the Plan on page 7, the Debtor must change "effective date" in the two places it is used to "Effective Date," because this is a defined term.

8. In paragraph I.1B of the Plan on page 9, the Debtor must change "where current" to "were current."

9. In paragraph I.IB of the Plan on page 9, the Debtor states: "Upon payment of the claim in full, PNC shall provide proof [of]] ownership in the assets, and file appropriate documentation with the Michigan Secretary of State's Office as required by the Lease." It appears from this language that according to the terms of the Lease with PNC Equipment Finance ("PNC"), after the Debtor makes all of the payments under the Lease, the Debtor will own the assets subject to the Lease, without any further payments. From this, it appears that the "Lease" may not be a true lease, but rather a sale with a secured loan for the purchase of the golf

2

carts, disguised as a lease. In any event, the Debtor must amend this paragraph to provide a summary of the material terms of the Lease so that creditors will have more information regarding the nature of the Debtor's transaction(s) with PNC and the extent of the assets of the Debtor.

10. In the paragraph describing the Class 1 secured claim of The John Smith Trust (the "Smith Trust") on pages 9 and 10 of the Plan, the Debtor must make the following changes:

- The Debtor must change "Treasure" to "Treasurer." The Debtor must also make this change in the caption describing the "Class 3 - Secured Claims of the Oakland County Treasure[r]" on page 10 of the Plan.

- The Debtor must not use capitalization when it refers to the real property commonly known as 2603 W. Walton Blvd., Waterford, Michigan 34329, unless and until the Debtor defines that property as the "Real Property." Unless the Debtor adds such a definition, the Debtor must remove the capitalization in "Real property" and "Real Property Taxes" because these are not defined terms.

- The Debtor states in the last sentence of this section: "The Unsecured portion of the Smith Trust's Claim, in the amount of $177,000.00, shall be paid pursuant to the proposed treatment for Class 5, below." The Debtor must explain more clearly how it arrived at the unsecured claim of $177,000.00, and state whether the $359,000 default amount of the Smith Trust's claim will be fully secured or not.

11. In the paragraph describing the treatment of the Class 1 claim of the Smith Trust on page 10 of the Plan, the Debtor must state on what date the monthly payments of $767.32 will begin. The fact that in paragraph G on page 16 of the Plan entitled "Payment Commencement" states that "[a]ll payments due hereunder, unless otherwise stated, shall commence sixty (60) days after the Effective Date" is not sufficient, by itself, to cure this problem. The date when payments will commence must be included in the paragraphs describing the treatment of claims.

12. Similarly, in the paragraph describing the treatment of the Class 3 secured claim of the Oakland County Treasurer on page 11 of the Plan, the Debtor must state when the monthly

3

payments of $296.43 will begin.

13. The treatment of Class 4 stated on page 12 of the Plan refers to certain payments that "shall be made on or about July 30, 2025, 2026, and 2027." The phrase "on or about" here makes the payment dates too imprecise. The Debtor must correct this.

14. Paragraph C on page 15 of the Plan appears to be missing words in the second sentence. The Debtor must correct this.

15. The Plan includes Classes 1, 3, 4, 5, and 8. It does not have any Class numbers 2, 6, or 7. This may be confusing to readers. And the heading for the treatment of Class 8 on page 13 of the Plan has the wrong Class number in it (5). The Debtor must correct that problem and must renumber the Classes so that they use consecutive numbers (1-5).

16. Paragraph F of the Plan on page 16, entitled "Effective Date of the Plan" must be amended so that it states in its entirety: "The Effective Date of the Plan will be thirty (30) days after the Confirmation Order is entered. For projection purposes, September 1, 2024, has been used as the Effective Date." As currently written, this paragraph is inconsistent with the definition of "Effective Date" in the Definitions section of the Plan.

17. The Debtor must describe the background of each of the principals in Section II.B on pages 17-18 of the Disclosure Statement.

18. The last sentence in paragraph II.C of the Disclosure Statement on page 18 appears to contain a typographical error. It appears that the Debtor meant to say "protracted" rather than "protected" in describing the litigation between the shareholders. The Debtor must correct this problem.

19. In paragraph IV.B of the Disclosure Statement on page 19, the Debtor uses the terms

"Secured and Unsecured Creditors of the Estate" as if they are defined terms. Because these are not defined terms, the Debtor must not capitalize these terms.

20. In paragraph IV.B of the Disclosure Statement on pages 18-19, the Debtor must state the basis for its asserted $1.2 million valuation of the real property on which the golf course is operated. (The $1.2 million valuation is stated in Section II of the Plan on page 9 and in the Liquidation Analysis (Exhibit A)). Among other things the Debtor should state whether the asserted value is based on any professional appraisal of the property.

21. The Disclosure Statement on page 20 contains a section entitled "***C.* DETAILS REGARDING IMPLEMENTATION OF THE PLAN.**" (Italics added.) The Debtor must change "C." to "V."

22. The Disclosure Statement on page 21 contains a section entitled "***D.* LEGAL REQUIREMENTS:**" (Italics added.) The Debtor must change "D." to "VI."

23. In what should be paragraph V (but is currently paragraph C) of the Disclosure Statement on page 20, the Debtor states that "Exhibit E is expected financial performance for the months of September 2024 through 2030. This Exhibit also contains projections for the expected period between proposal and confirmation of this Plan." This is inaccurate. Exhibit E is a "Statement of Cash Flows" from March 7 through June 30, 2024. The projections are in Exhibit F. The Debtor must correct this problem.

24. In the Disclosure Statement on page 14, the Debtor refers to a "global settlement between the parties." The Debtor must describe this global settlement in more detail, and state all the material terms of that global settlement.

25. The Debtor must amend paragraph VI.E of the Disclosure Statement (which, before

5

being amended, as required by this Order, was paragraph D.E) on pages 23-24 so that it states, in its entirety:

> If the plan is confirmed by the Court:
>
> 1. Its terms are binding on the debtor, all creditors, shareholders and other parties in interest, regardless of whether they have accepted the plan.
>
> 2. Except as provided in the plan and in 11 U.S.C. § 1141(d):
>
>> (a) In the case of a corporation that is reorganizing and continuing business, as in this case:
>>
>>> (1) All claims and interests will be discharged.
>>>
>>> (2) Creditors and shareholders will be prohibited from asserting their claims against or interests in the debtor or its assets.

Accordingly,

IT IS ORDERED that no later than **July 19, 2024**, the Debtor must file an amended combined plan and disclosure statement that is consistent with this Order.

IT IS FURTHER ORDERED that no later than **July 19, 2024**, the Debtor also must file a redlined version of the amended combined plan and disclosure statement, showing the changes the Debtors have made to the "Debtor's Combined Chapter 11 Plan and Disclosure Statement," filed July 8, 2024.



**Signed on July 12, 2024**

/s/ Thomas J. Tucker
Thomas J. Tucker
**United States Bankruptcy Judge**