UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 24-42219

SILVER LAKE GOLF COURSE, INC.,                      Chapter 11

        Debtor.                                     Judge Thomas J. Tucker
_____/

**ORDER REQUIRING DEBTOR TO AMEND DISCLOSURE STATEMENT**

On July 19, 2024, the Debtor filed a plan and disclosure statement, in a document entitled "Debtor's Amended Combined Chapter 11 Plan and Disclosure Statement" (Docket # 40). The Court cannot yet grant preliminary approval of the disclosure statement contained within this document (the "Disclosure Statement"). The Court notes the following problems (some of which are minor), which the Debtor must correct.

1. In the paragraph describing the Class 1 secured claim of The John Smith Trust (the "Smith Trust") on pages 9 and 10 of the Plan, the Debtor must make the following change. In part, the Plan says this:

> If any default occurs under the terms of the Plan as proposed, the full amount of the Smith Trust's Allowed Claim of $359,000.00, plus interest and costs, shall become due and owing, less payments of interest and principal previously made.

The Debtor must state whether, in the event of such a default, the entire $359,000.00 amount of the Smith Trust's claim will be deemed secured, or whether instead the claim still will be deemed secured in the amount of $182,000.00 and unsecured in the amount of $177,000.00.[1]

---

[1] This is part of what the Court ordered in paragraph 10 of the Order entitled "Order Requiring Debtor to Amend Disclosure Statement," filed on July 12, 2024 (Docket # 39, the "July 12 Order").

2. In paragraph 14 of the Court's July 12 Order, the Court stated: "Paragraph C on page 15 of the Plan appears to be missing words in the second sentence. The Debtor must correct this." The Debtor has not corrected this, and must do so.

3. In paragraph II.A of the Disclosure Statement on page 16, the Debtor must change "Sliver Lake" to "Silver Lake Golf Course, Inc."

4. The Debtor must amend paragraph VI.E of the Disclosure Statement on page 23 so that it states, in its entirety:

> If the plan is confirmed by the Court:
>
> 1. Its terms are binding on the debtor, all creditors, shareholders and other parties in interest, regardless of whether they have accepted the plan.
>
> 2. Except as provided in the plan and in 11 U.S.C. § 1141(d):
>
>    (a) In the case of a corporation that is reorganizing and continuing business, **as in this case**:
>
>       (1) All claims and interests will be discharged.
>
>       (2) Creditors and shareholders will be prohibited from asserting their claims against or interests in the debtor or its assets.[2]

The Debtor must also delete the last sentence in this paragraph, which states: "See Part II-A of this Disclosure Statement to determine which of the above paragraphs applies in this case."

---

[2] The July 12 Order required the Debtor to include this language. The amended Disclosure Statement is missing the language in bold.

Accordingly,

IT IS ORDERED that no later than **July 26, 2024**, the Debtor must file an amended combined plan and disclosure statement that is consistent with this Order.

IT IS FURTHER ORDERED that no later than **July 26, 2024**, the Debtor also must file a redlined version of the amended combined plan and disclosure statement, showing the changes the Debtor has made to the "Debtor's Amended Combined Chapter 11 Plan and Disclosure Statement," filed July 19, 2024.

**Signed on July 23, 2024**

/s/ Thomas J. Tucker

**Thomas J. Tucker
United States Bankruptcy Judge**